Shauck, J.
The court of common pleas having rendered judgment in favor of the plaintiff Smith, and the circuit court against him, it is of práctica! importance to inquire whether the latter court erred in overruling the motion to dismiss the appeal. The only authorizing action required of the court of common pleas was taken when it granted to th: plaintiff leave to bring the suit. The appeal taken by the receivers was in the exercise of their general powers. By the provisions of Section 5658, Re *226 vised Statutes, upon their appointment they became trustees of the estate of the corporation for the benefit of its creditors and stockholders having “all the power and authority conferred by law upon trustees to whom assignments are made for the benefit of creditors.”
Since the receivers had given bond for the performance of their duties, and since the appeal was in the interest of their trust, they were exempt from the obligation to give an appeal bond, being parties in a trust capacity within the meaning of Section 5228, Revised Statutes.
Is the case in its nature appealable? That an action brought to assert a right arising under the equitable doctrine of subrogation is not necessarily appealable, is entirely clear. If, for example, one' secondarily liable as surety should pay the entire amount of the indebtedness in ignorance of the fact that the creditor had realized a part of it from securities deposited with him by the principal debtor, he might, upon discovery of that fact, recover the amount so realized by the creditor. But his action would be for the recovery of money only. Section 5130, Revised Statutes, provides, without regard to the principles upon which a recovery may be sought, that for the trial of issues of fact in actions for the recovery of money only, either party may demand a jury. That action would, therefore, not be appealable because it results from the provisions of Section 5226 that an appeal may not be taken in actions in which a trial by jury may be demanded. But the action of the plaintiff in the present case was not for the recovery of money only. It is true that his demand might have been satisfied by the payment of money, but the right which he asserted *227 was to resort to a particular security as a resource for his reimbursement, with the concession that his right could in no event exceed the amount to be realized from that security. It is said that the proceeds of the mortgage are now in the hands of the receivers; but that fact is not found by the circuit court. Nor would it be material since the question must be determined upon the state of the record when the issues were joined. It was a suit for the determination of the extent to which the plaintiff was entitled to participate in a trust estate. It results from the statutory provisions referred to, that being a civil action not triable to a jury, it was appealable.
Did the circuit court err in rendering judgment against the plaintiff on the merits of the case presented? Upon the execution of the second mortgage, the mortgagee, The Citizens’ Company, became charged by its agreement which constituted the consideration for its mortgage with the duty of paying the indebtedness of Clarke to The People’s Company which was secured by the prior mortgage. In its capacity as purchaser it also became entitled, upon a familiar application of the doctrines of equity to be subrogated, upon its payment, to the rights of the- mortgagee of the prior mortgage, if that should be necessary to the copiplete enforcement of its rights. If The Citizens’ Company had complied with its obligation, which, as between it and Smith, was primary, by discharging the prior lien with its own funds, unquestionably the proceeds of the second mortgage would have fallen into the general assets of The Citizens’ Company and, its insolvency having occurred, they would on distribution pass to its general creditors. But the judg *228 ment under review necessarily implies the proposition that the general creditors of the company are entitled to a fund which does not arise from its discharge of its primary obligation by payment of its own moneys, but from payment by Smith in the discharge of his secondary liability, and this without his reimbursement. If that proposition is unsound, the judgment of the circuit court is erroneous. The reimbursement of the plaintiff for the payment made by him in discharge of his obligation as surety, incurred by the endorsement of the certificate of credit, would place both of the companies and- the creditors of The Citizens’ Company in the precise position they would have occupied if that accomodation endorsement had not been made. It would not be considerately denied that a judgment for the plaintiff would meet the ends of natural justice since it would enforce all rights which rest upon consideration.
Certainly it should always be admitted that in particular cases natural justice may fail, because It cannot be administered without violating rules and principles which have been considerately established as a part of our system of jurisprudence. The doctrine of subrogation is a creature of equity. Very frequently the rights which it secures are beyond the contemplation of parties to ■ transactions, except in the view that parties are always presumed to contract with reference to the law by which their rights and liabilities will be determined, and it is only in this view that those rights depend upon even implied contract. Always 'the end of subrogation is to place the burdens of obligation upon those to whom they primarily belong, though in recognition of the rights of others *229 they may have been, for a time, borne by those who are only secondarily liable. However diverse may be the facts to which in the reported cases ■ the doctrine has been applied, and the remedies which those facts have made appropriate, that end is always in view. That the plaintiff in the present case has discharged an obligation with respect to which his liability was only secondary, and that the object of his suit is to charge the burden upon the party primarily liable, will admit of no doubt.
But it is said that he should not prevail because it is a recognized limitation upon the doctrine of subrogation that it may not be invoked by one who voluntarily discharges the obligation. That limitation is recognized in the statement that the doctrine is for the relief of one who, in the discharge of a secondary liability, pays an obligation upon which another is primarily liable; and it has been expressly held that the doctrine may not be invoked by a volunteer, or intermeddler, 'to use a term indicating the light in which he is regarded. But how can the plaintiff be regarded as a volunteer?- He asserts a right arising upon actual payment by him, and when he paid, it was in discharge of his obligation as accommodation endorser of the certificate of credit which had matured, leaving him no alternative. It is quite true that he might have refused to become such accommodation endorser, but the same observation may be made generally of those who incur the liability of sureties. Nor is it of the essence of the doctrine of subrogation that the primary arid secondary liabilities be incurred by the same instrument or at the same time. It gives conclusive *230 effect to the relation of the parties at the time of the discharge of the obligation, having no regard whatever to the immaterial circumstance as to the contemporaneous incurring of the obligation. The relation of the primary and secondary liabilities involved in considerations respecting this doctrine do not, in any sense, differ from the same considerations with respect to the kindred doctrine' of contribution which was devised by the chancellors to secure equality among persons secondarily liable. Upon very conclusive reasons it was decided in Robinson v. Boyd, 60 Ohio St., 57, that, "to give rise to the application of the doctrine of contribution between sureties, it is not necessary that there should be privity of contract between the parties, nor that the liability of each should have been incurred at the same time; all that is required is, that the debt or burthen should be common to the parties, and primarily that of the same person.”
Consideration seems to be thought due to the fact that when Smith discharged his secondary liability to The People’s Company its mortgage from Clarke was cancelled and surrendered without any stipulation that it should be kept alive for the purpose of substituting him to its rights. If it should be assumed that technical considerations require a strict application of the doctrines of subrogation to that mortgage instead of to the mortgage of Clarke to The Citizens’ Company, which is more than doubtful in *view of the direct methods by which equity reaches the results which its principles require, there was no necessity for such stipulation. The earlier cases recognized such stipulation as necessary, but the manifest inconsistency of that requirement with the principles *231 involved in the doctrine of subrogation received early recognition. The object of the cancellation and surrender is completely accomplished by the discharge of the mortgagor and his property from further liability. To him it is a matter of no moment whether there is or not such a stipulation to affect the rights of others. It is fundamental that the right to be subrogated arises out of the relation of the parties and not out of contract. It is now settled in this state that although the surrender of the security is effective' as to the obligor, its continued existence for the benefit of the surety who pays it is presumed. Neilson & Churchill v. Fry, 16 Ohio St., 552; Dempsey v. Bush, 18 Ohio St., 376.
The plaintiff’s case seems to be clearly within the doctrine which he invokes and he is entitled to be paid out of the proceeds of the Clarke mortgage, the amount which he paid to The People’s Company with interest thereon, if the proceeds of the Clarke mortgage are sufficient. To hold otherwise would be to ignore the reason of the doctrine involved as it has been declared as the basis of decision, not only in the cases cited, but in many others, including Hill v. King, Exr., 48 Ohio St., 75; and L. E. & W. Rd. Co. v. Falk et al., 62 Ohio St., 297.
The judgment of the circuit court will be reversed, ■ and the cause will be remanded to that court to render judgment for the plaintiff in accordance with this opinion.

Reversed.

Crew, C. J, Summers and Davis, JJ, concur.